OPINION OF THE COURT
Robert C. Williams, J.
This is a proceeding pursuant to CPLR article 78 in which petitioner seeks a judgment reversing and annulling a fair hearing decision rendered by respondent Blum.
Petitioner, her husband and their seven children were *272 recipients of public assistance funds from the program commonly known as Aid to Dependent Children (ADC). (See US Code, tit 42, § 601; Social Services Law, § 343.) On or about September 1, 1978, respondent O’Connor discontinued the petitioner’s ADC grant and reclassified petitioner as one who was entitled to public assistance in the nature of home relief. (See Social Services Law, § 157.) As a result of this reclassification and the two programs’ differing treatment of Mr. Bolden’s earned income, petitioner’s cash grant of public assistance has been reduced nearly $400 per month.
Petitioner challenged the propriety of this reclassification via the fair hearing process. By virtue of the decision rendered therein, the local agency’s reclassification of petitioner was affirmed. Respondent Blum, in her decision after the fair hearing dated October 27, 1978, held that, "Appellant’s [petitioner herein] children are not deprived of parental support or care of either parent.” Respondent found that petitioner has no mental or physical illness which impairs her ability to function as a homemaker and to provide adequate care for her children.
Petitioner contends that her children are "deprived of parental support or care”. It appears that petitioner suffers from a mental disability which renders her unemployable. As a result thereof, petitioner argues that her children are deprived of her parental support which should entitle them to ADC benefits.
The term "dependent child” is defined for the purpose of determining eligibility for ADC to be a "needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent”. (US Code, tit 42, § 606, subd [a]; see, also, Social Services Law, § 349, subd B, par 1, and 18 NYCRR 369.2 [g].)
It should be noted that in order to qualify for ADC each child must be "deprived of parental support or care” of either parent. (Emphasis supplied.) It is not required that each child be deprived of parental support and care of either parent.
Respondent Blum, as mentioned previously, held that petitioner’s mental disability does not prevent petitioner from performing all daily household tasks and from caring for her children’s everyday needs. As a result, respondent Blum concluded that since petitioner is able to care for her children then petitioner’s children are not deprived of parental support *273 or care. Respondent Blum further stated that, "In the event that appellant can produce medical evidence of a physical or mental condition sufficient to establish that she cannot provide adequate care for her children, the agency would then be required to reevaluate the appellant’s eligibility.”
Based on the foregoing, it is clear that respondent Blum applied the improper "deprived of parental support and care” standard rather than the correct "deprived of parental support or care” standard to the factual situation at hand. Although it was established (and apparently conceded) that petitioner is able to perform household duties, petitioner’s children are deprived of petitioner’s parental support and therefore qualify for aid under the ADC program.
Petitioner’s children are deprived of her parental support as a result of petitioner’s inability to be employed. Petitioner’s inability to be employed results from the mental disability from which she suffers. It should be noted that this disability and the resulting inability to work has been communicated to the Department of Social Services by petitioner’s social worker and a psychiatrist on several occasions. Respondent Blum briefly commented on this aspect in her decision rendered as a result of the fair hearing.
Petitioner’s ability to perform daily household tasks should not be determinative where, as here, it is shown that petitioner is not capable of being employed. Petitioner was required only to show either that her children were deprived of parental support or that they were deprived of parental care. Petitioner was not required to prove that both of the afore-mentioned conditions were present.
Accordingly, the relief sought in the petition is granted.